MAURICE DAVIS,

        Petitioner,

    v.                               Case No. 16-cv-1478-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO AMEND/CORRECT
MEMORANDUM OF LAW IN SUPPORT OF §2255 (DKT. NO. 7), DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1),
DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY**

---

On November 3, 2016, the petitioner filed a motion to vacate or set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 1. This court screened the motion, noting that the petitioner had stated his arguments in Sixth Amendment, ineffective-assistance-of-counsel terms. Dkt. No. 3 at 4. The government filed a response, dkt. no. 4, and the petitioner since has filed a motion to amend/correct his memorandum of law, dkt. no. 7. Because the petitioner's claims are untimely, the court will deny the motion.

## I.    Background

On March 15, 2011, the grand jury indicted the petitioner and five other defendants on one count of conspiracy to distribute 280 grams or more of crack cocaine between 2008 and 2010, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A) and 846. <u>United States v. Maurice Davis, *et al.*</u>, Case No. 11-cr-63

(E.D. Wis.), Dkt. No. 1. That charge carried a mandatory minimum sentence of ten years in prison, and a maximum of life. 21 U.S.C. §841(b)(1)(A).

Seven months later, the parties filed a plea agreement. Id., Dkt. No. 106. Related to the agreement, the government filed an information, charging the petitioner with one count of conspiracy; the information alleged that between 2008 and 2010, the petitioner had conspired with others to distribute at least twenty-eight grams or more of crack. Id., Dkt. No. 105. That charge carried a mandatory minimum penalty of five years (half of the minimum the petitioner originally had faced). 21 U.S.C. §841(b)(1)(B). In the plea agreement the petitioner voluntarily agreed to waive prosecution by indictment. Id., Dkt. No. 106 at ¶4. The plea agreement explained that the count to which the petitioner had agreed to plead guilty carried a mandatory minimum of five years imprisonment. Id. at ¶7. The petitioner and his lawyer signed the plea agreement on October 7, 2011. Id. at 13.

On October 19, 2011, Judge Charles N. Clevert, Jr. presided over the petitioner's change-of-plea hearing. Id., Dkt. No. 113. At that hearing, Judge Clevert asked the petitioner what penalties he faced if he was convicted; the petitioner responded, "I think there's a mandatory minimum of five years to 40 year's [sic] imprisonment." Id., Dkt. No. 188 at 10. After an extended plea colloquy that covered numerous other topics, the defendant answered, "I plead guilty, Your Honor," when Judge Clevert asked for his plea. Id. at 26.

On February 6, 2012, the petitioner's lawyer filed a motion to withdraw; the petitioner had told his lawyer that the petitioner did not believe the lawyer

was acting in his best interests. Id., Dkt. No. 170. The next day, the petitioner himself filed a motion, asking the court to remove his lawyer. Id., Dkt. No. 173. The next day, the court received a letter from the petitioner, responding to some of the statements his lawyer had made in the motion to withdraw. Id., Dkt. No. 174.

On February 10, 2012, the probation office filed the revised presentence investigation report; among other things, it indicated that the charge to which the defendant had pled guilty carried a mandatory minimum penalty of five years. Id., Dkt. No. 175 at ¶85.

On February 13, 2012, Judge Clevert held a hearing on the two motions to withdraw, granted them both, and asked the Federal Defender to appoint new counsel for the petitioner. Id., Dkt. No. 177.

On September 21, 2012, the petitioner—acting on his own behalf—filed a motion to withdraw his guilty plea. Id., Dkt. No. 212. The same day, the petitioner's newly appointed counsel filed a memorandum in support of the petitioner's motion, arguing that Judge Clevert should not have taken the guilty plea, because on at least three occasions prior to the date of the plea hearing, the petitioner had expressed dissatisfaction with his lawyer. Id., Dkt. No. 213 at 4. Judge Clevert scheduled an evidentiary hearing and granted the petitioner's motion to proceed with stand-by counsel. Id., Dkt. No. 228. The court received another motion to withdraw the guilty plea—from the petitioner, not his lawyer—on September 21, 2012. Id., Dkt. No. 216. Judge Clevert scheduled an evidentiary hearing. Id., Dkt. No. 217.

At the October 30, 2012 evidentiary hearing, the petitioner asked to represent himself. Id., Dkt. No. 228 at 1. The court granted that request, but asked counsel to stand by in case the petitioner needed assistance. Id. After hearing from the defendant on the merits of his motions to withdraw his guilty plea (as well as from stand-by counsel regarding the petitioner's competence), Judge Clevert denied the petitioner's motions to withdraw his guilty plea. Id. at 2. The judge also had planned to proceed to sentencing that day, but adjourned the hearing when it was clear that the parties could not agree on the drug amounts for relevant conduct. Id., Dkt. No. 230. The court adjourned the sentencing hearing to December 5, 2012, and set deadlines for the parties to file documents related to the drug amounts. Id.

Over the next couple of months, the petitioner filed a motion for access to information, dkt. no. 239; a motion for disclosure of informants, dkt. no. 240; and a motion to dismiss the case, dkt. no. 243. On December 5, 2012, Judge Clevert denied the motion to dismiss the case and the motion to disclose informants, as well as an earlier motion the petitioner had filed regarding the prosecutor and the grand jury, dkt. no. 226. Id., Dkt. No. 245. He granted the petitioner's request for an extension of time, but otherwise denied the motion for access to information. Id. The judge set the next sentencing date for January 25, 2013 at 9:30 a.m. Id.

The petitioner continued to file pleadings—a response to the government's exhibit, dkt. no. 244; a sentencing memorandum, dkt. no. 246. Judge Clevert adjourned the sentencing hearing to February 25, 2013 at 9:30

a.m. The petitioner then filed a motion to impeach tainted evidence, dkt. no. 248; a motion to set aside or vacate the plea agreement, dkt. no. 250; a memorandum in support of a motion for discovery of grant jury minutes, dkt. no. 251. At this point, Judge Clevert rescheduled the sentencing to April 3, 2013. The petitioner then filed a memorandum in support of his motion to impeach tainted evidence, dkt. no. 248; a memorandum of law in support of a Brady claim, dkt. no. 253; a "notice of concern," dkt. no. 254; a motion to compel response, dkt. no. 255. Judge Clevert rescheduled sentencing to April 17, 2013.

At the April 17, 2013 sentencing hearing, Judge Clevert denied the petitioner's various motions. Id., Dkt. No. 260. Regarding sentencing, the government agreed (after extensive argument) to recommend a weight of 196 to 280 grams, a guideline range of 130 to 162 months and a below-guidelines sentence of 120 months (which was consistent with the terms of the plea agreement, dkt. no. 106 at 5-7). Id. The court calculated the guidelines by starting with a base offense level of 30, id. at 4, then applying a 3-level reduction for acceptance of responsibility, id. The revised offense level of 27 in criminal history category of VI resulted in the sentencing range of 130 to 162 months. Id. Judge Clevert correctly stated the mandatory minimum during the sentencing proceeding, commenting that "one thing is crystal clear, there's a mandatory minimum sentence of five years that must be imposed here." Id., Dkt. No. 274 at 63. Judge Clevert imposed a below-guidelines sentence of 120 months' imprisonment and four years of supervised release. Id. at 66.

In the Statement of Reasons he signed on April 17, 2013, Judge Clevert adopted the presentence report (which had referenced the five-year mandatory minimum) without change. Id., Dkt. No. 262 at 1. He marked Box B under "Court Finding on Mandatory Minimum Sentence," the box that stated, "Mandatory Minimum Sentence Imposed." Id. He marked the box under Section IV that said that he was imposing a sentence outside the guidelines. Id. at 2. He marked the box under Section VI that said he was imposing a sentence below the guideline range. Id. at 3. In the section where he explained why he believed a below-guidelines sentence was warranted, Judge Clevert wrote, "The court adopts the government's recommendation for the 10 year mandatory minimum sentence. A below guideline sentence is warranted to account for the ongoing disparity in the guidelines between powder cocaine versus crack cocaine. This sentence also avoids sentencing disparities among the defendants." Id.

The petitioner filed a notice of appeal, arguing that the government had violated the plea agreement. Id., Dkt. No. 263. He did not argue that Judge Clevert had imposed an illegal sentence. He did not argue that his sentencing lawyer provided ineffective assistance of counsel. Because the petitioner received the full benefit of the agreement, the Seventh Circuit affirmed the judgment on August 1, 2014. United States v. Davis, 761 F.3d 713, 716 (7th Cir. 2014).

## II. Motion to Amend/Correct Memorandum (Dkt. No. 7)

The court will begin with the petitioner's "request to amend" his memorandum of law. Dkt. No. 7. He filed this request after the court gave him an extension of time to file his brief; the "request to amend" is really the petitioner's brief in support of his motion to vacate, set aside or correct sentence. Id. In the eight-page request to amend, the petitioner addresses the respondent's arguments that his petition is time-barred, and his own argument that Judge Clevert lacked subject-matter jurisdiction to impose a ten-year mandatory minimum sentence. Id. The court will grant the request to amend. It has considered all of the arguments in the petition, as well as the arguments in the request for leave to amend, in reaching its decision to deny the §2255 motion.

## III. Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1)

A. <u>Standard</u>

Section 28 U.S.C. §2255 allows a federal prisoner to ask the court that imposed his sentence to vacate, set aside or correct that sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. §2255(a).

Section 2255(f) contains a one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

7

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)(1)-(4).

The law allows a petitioner to ask the court to "toll," or pause, the one-year clock. The one-year limitations period is subject to two different "tolling" procedures—statutory tolling and equitable tolling. Subsection (d)(2) of the statute provides for "statutory tolling," stating that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). As for equitable tolling, a court may invoke that doctrine only if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Fla., 560 U.S. 631, 649 (2010). "Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" Obriecht v. Foster, 727 F.3d 744, 748 (7th Cir. 2013) (quoting Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010)). "The petitioner seeking equitable tolling bears the burden of establishing that it is warranted." Id. (citing Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008)).

Even if a petitioner timely files his petition within the one-year limitations period, he is not entitled to relief under §2255 if his claim is "procedurally barred."

> Claims under § 2255 are procedurally barred if they raise: (1) issues that were raised on direct appeal, without a showing of changed circumstances; (2) nonconstitutional issues which could have been raised on direct appeal but were not; or (3) constitutional issues which could have been raised on appeal but were not, unless the defendant can show either (a) "good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims," or (b) that [the court's] refusal to consider the claims would "lead to a fundamental miscarriage of justice."

United States v. Evans, 123 F. Supp. 2d 1122, 1124 (N.D. Ill. 2000) (citations omitted). See generally, Bousley v. United States, 523 U.S. 614, 622 (1998); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000).

B.    Petitioner's Grounds for Relief

The petitioner raised four grounds for relief. Dkt. No. 1. First, he alleges that the district court did not have subject-matter jurisdiction to impose a ten-year statutory mandatory minimum sentence. Id. at 3. Second, in a claim he titles "Minor Role Reduction," he "seeks application of 794." Id. Third, he asserts that under Fed. R. Crim. P. 52(b), the court's imposition of a ten-year mandatory minimum sentence constituted plain error under Fed. R. Crim. P. 56(b). Id. Finally, he alleges that the court committed "significant procedural errors" at his sentencing, such as treating the Sentencing Guidelines as mandatory and "failing to adequately explain the chosen sentence." Id. at 4.

C.    Analysis

1.    *Ground #1: Lack of Subject-Matter Jurisdiction*

The court must start with the petitioner's first ground for relief—his argument that Judge Clevert did not have subject-matter jurisdiction to sentence him. In its opposition brief, the government argued that all of the petitioner's claims were time-barred. Dkt. No. 4. The petitioner is correct, however, that a litigant may raise the question of a court's subject-matter jurisdiction at any time. See, *e.g.*, Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153 (2013). If Judge Clevert did not have subject-matter jurisdiction, there is nothing more for this court to analyze. So regardless of whether the petitioner timely filed his §2255 petition, the court must determine whether Judge Clevert had subject-matter jurisdiction when he sentenced the petitioner. He did.

Subject-matter jurisdiction has to do with whether a particular kind of court has the authority to hear a particular kind of case. Benson v. Safford, Case No. 99-C-4748, 2000 WL 949458, at *7 (N.D. Ill. May 17, 2000). Federal district courts have the authority to hear federal criminal cases, and to sentence the defendants convicted in those cases. Id. "The 'subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.'" United States v. Krilich, 209 F.3d 968, 972 (7th Cir. 2000) (quoting Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999)). There

is no question that Judge Clevert had subject-matter jurisdiction to sentence the petitioner.

Perhaps what the petitioner meant to argue was that, in imposing what the petitioner claims was an illegal sentence, Judge Clevert *exceeded* his jurisdiction. Benson, 2000 WL 949458, at *7. "[I]f . . . a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district . . . should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, . . . those acts would be in excess of his jurisdiction . . . ." Bradley v. Fisher, 80 U.S. 335, 352 (1871). To demonstrate that Judge Clevert exceeded his jurisdiction, the petitioner would have to demonstrate that his sentence was illegal. The petitioner makes that claim in his third ground for relief, arguing that Judge Clevert's imposition of what the petitioner asserts was a ten-year mandatory minimum constituted plain error under Fed. R. Crim. P. 52(b). Before it can consider that claim, however—or the petitioner's other two claims—the court must determine whether the petitioner timely filed his petition. He didn't.

### 2. Timing of the §2255 Petition/Ground #3—Plain Error

Judge Clevert imposed sentence on April 17, 2013. The petitioner timely filed a notice of appeal on May 7, 2013. Davis, Case No. 11-cr-63, Dkt. No. 263. The Seventh Circuit affirmed, issuing its mandate on September 5, 2014. Id., Dkt. No. 294 at 1. The Seventh Circuit's docket shows that on July 9, 2015, the petitioner filed a petition for writ of *certiorari* with the United States

Supreme Court. <u>United States v. Maurice Davis</u>, Case No. 13-1978 (7th Cir.) at Dkt. No. 55. The Supreme Court denied the petition on October 5, 2015. <u>Id.</u> at Dkt. No. 56.

Under §2255(f), the petitioner had one year from October 5, 2015 to file a §2255 petition challenging anything that happened at his April 2013 sentencing, or anything that happened during the ensuing appeal. If the petitioner wanted to challenge the sentence that Judge Clevert imposed, or the procedures Judge Clevert used, or the actions that his trial or appellate lawyers did or didn't take, his deadline for doing so was Wednesday, October 5, 2016. The petitioner signed his §2255 petition on October 31, 2016—twenty-six days *after* the one-year deadline. Dkt. No. 1 at 4. The court received the petition on November 3, 2016—twenty-nine days after the limitations period expired. Either way, the petitioner filed his motion after the statutory limitations period had expired. That means that the court must consider whether there is any tolling doctrine that applies.

The petitioner first argues that the "acient [sic] stricture of Related Matter" tolled the limitations period. Dkt. No. 7 at 4-5. The plaintiff cites to a Seventh Circuit decision in a bankruptcy appeal, <u>In re Matter of Statistical Tabulating Corp., Inc.</u>, 60 F.3d 1286, 1289 (7th Cir. 1995). That case states the rule that "the filing of a notice of appeal divests a lower court of jurisdiction over the matter on appeal." <u>Id.</u> (citations omitted). The court agrees that such a rule exists, but that rule does not help the petitioner. That rule provides only that while a case is pending in the appellate court, the district court doesn't

have jurisdiction to decide any issues. It has nothing to do with pausing a limitations period that started running *after* the appeal was over.

In arguing that all of the petitioner's claims were time-barred, the government construed all four of the claims as ineffective assistance of counsel claims. Dkt. No. 4 at 2. The government stated, "As such, [the petitioner's claims] can be brought in a Section 2255 motion, notwithstanding procedural default." Id. The government does not explain it, but the "procedural-default" rule is a doctrine that provides that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citations omitted). And in Massaro, the Supreme Court held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Id. at 508-509.

The government sweepingly generalized all of the petitioner's claims that Judge Clevert imposed an illegal sentence as claims that the petitioner's sentencing lawyer was ineffective. The government also assumed, without saying as much, that the petitioner failed to argue on appeal that his sentencing lawyer was ineffective (that assumption was correct—the petitioner *didn't* make that argument on appeal—Davis, Case No. 11-cr-63, Dkt. No. 294 at 7). Finally, the government appears to have been trying to concede (unnecessarily) that even though the petitioner did not make the ineffective assistance argument in his direct appeal of his sentence, the law allowed him to raise it in a §2255 petition. Even if all of that is true, Massaro said only that

a petitioner could raise procedurally-defaulted ineffective assistance claims in an "appropriate" §2255 petition. The petitioner has not challenged his sentence in an "appropriate" proceeding under §2255, because he did not timely file his petition.

The government also speculated about whether the petitioner could possibly be arguing that he received ineffective assistance in connection with his June 30, 2015, *unopposed* motion for a sentence reduction under 18 U.S.C. §3582(c)(2). Dkt. No. 4 at 3. It is not clear why the government raised this question—the petitioner has not challenged the 2015 sentence reduction in this §2255 petition. Unfortunately, the fact that the government raised the question prompted the petitioner to respond by arguing that in his August 10, 2015 motion asking this court to reconsider the reduced sentence it imposed on July 20, 2015, he also raised a challenge to his original sentence. Dkt. No. 7 at 6-7. To work through *that* argument, and how it might relate to the question of whether any tolling doctrine applies to rescue the petitioner's time-barred §2255 petition, the court recounts the facts of the sentence reduction litigation.

On November 1, 2014, the United States Sentencing Commission revised the §2D1.1 drug quantity tables through Amendment 782 to the sentencing guidelines. Application of that amendment to the petitioner's sentencing range reduced it downward from the original 130 to 162 months to 110 to 137 months. On June 30, 2015, the petitioner—represented by the Federal Defender—filed an unopposed motion under 18 U.S.C. §3582(c)(2), asking the court to reduce his sentence to the sentence resulting from

Amendment 782. <u>Davis</u>, Case No. 11-cr-63, Dkt. No. 308. The petitioner's attorney argued that, consistent with the new calculation resulting from the amendment, the petitioner should receive a low-end sentence of 110 months. <u>Id.</u> This court agreed, and on July 20, 2015 entered an order reducing the petitioner's sentence from 120 months to 110 months. <u>Id.</u>, Dkt. No. 310.

On August 10, 2015, the defendant—now representing himself—filed a motion asking the court to reconsider the sentence it had imposed. <u>Id.</u>, Dkt. No. 313. He argued that his attorney had asked the court to reduce his sentence to 110 months, and that in doing so, the attorney had "eliminate[d] the Court's discretion to move below the advisory guideline range . . . ." <u>Id.</u> at 1. He noted that Judge Clevert had imposed an original sentence that was below the guideline range, but that in the order reducing his sentence, this court had imposed a sentence within the guideline range. <u>Id.</u> He also argued that §1B1.10(b)(2)(A) of the sentencing guidelines—which provides that a court cannot reduce a defendant's sentence under §3582(c)(2) to a sentence any lower than the low end of the range resulting from the application of Amendment 782—violated the *Ex Post* Facto Clause. <u>Id.</u> The petitioner asked the court to reconsider the 110-month sentence, and to impose a sentence of sixty-three months. <u>Id.</u> at 2.

At the end of the motion to reconsider, the petitioner asked the court to take judicial notice of "an error" in the original sentence. <u>Id.</u> at 7. The petitioner stated that in the Statement of Reasons he issued after sentencing, Judge Clevert said, "The Court adopts the government's recommendation for the 10

year mandatory minimum sentence." Id. The petitioner argued that he was subject to a five-year mandatory minimum sentence, and that Judge Clevert's "impression" that the mandatory minimum was ten years constituted an error. The petitioner stated that, while he wasn't trying to turn his motion for reconsideration into a "plenary resentencing proceeding," he did want to remind this court that Fed. R. Crim. P. 36 allowed a court to correct errors in the record at any time. Id.

On April 1, 2016, this court denied the motion to reconsider. Id., Dkt. No. 322. The court did not address the petitioner's request that it take "judicial notice" of an "error" in his original sentence. The law prevented the court from imposing a sentence of less than 110 months; given that, the court did not analyze the petitioner's claim that his original sentence was imposed in error.

The petitioner appealed the court's denial of his motion to reconsider. Id., Dkt. No. 331. In his brief on appeal, the petitioner told the Seventh Circuit that his motion to reconsider had placed this court on judicial notice "of an error within the record." United States v. Maurice Davis, Case No. 16-1879 (7th Cir.), Dkt. No. 7 at 3. For the first time, the petitioner fleshed out in detail his argument that Judge Clevert had been under the mistaken impression that the petitioner was subject to a ten-year mandatory minimum. Id. at 6-7, 10, 11½-12. In its brief on appeal, the government responded that the petitioner had not raised this argument in his direct appeal, and argued that he could not raise it for the first time on appeal of the denial of a motion to reconsider a sentence reduction. Id., Dkt. No. 13 at 13-14.

16

The Seventh Circuit issued its decision on October 21, 2016. United States v. Davis, 669 Fed. App'x 785 (7th Cir. 2016). The court addressed the petitioner's argument that Judge Clevert erroneously thought the petitioner was subject to a ten-year mandatory minimum. It found that the argument failed, "because [the petitioner] can use §3582(c)(2) only to reduce his sentence under Amendment 782, not to relitigate other sentencing issues." Id. at 787. The court pointed out that under §1B1.10(b)(2) of the guidelines, a court reducing a sentence under § 3582(c)(2) could reduce only the guideline changed in Amendment 782. Id. The court concluded, "Because the district court here could consider only Amendment 782 when reducing [the petitioner's] sentence, we decline to address [the petitioner's] additional challenges to his sentence." Id. at 788.

In response to the government's brief opposing his §2255 petition in this case, the petitioner appears to argue that the fact that he raised the ten-year mandatory minimum argument in his 2016 appeal somehow tolled the one-year statute of limitations for filing his §2255 petition. Dkt. No. 7 at 5. He argues that once he raised the issue with the Seventh Circuit, the "rule of 'Related Matters' took effect." Id. at 6. He goes further, and argues that by mentioning the mandatory minimum issue in his motion to reconsider the sentence reduction order, he effectively converted that motion into a §2255 petition. Id. at 7. He says that it doesn't matter what he called his August 10, 2015 motion to reconsider; in substance, it was a §2255 petition. Id.

The petitioner's arguments lack merit for several reasons. First, the fact that the petitioner raised his mandatory minimum argument in the appeal of the denial of his motion to reconsider did not toll the one-year §2255 limitations period. It couldn't have, because that limitations period *had not yet started to run.* The limitations period did not start to run until one year after the petitioner's conviction became final. And his petition did not become final until October 5, 2015—two months *after* the petitioner filed the motion to reconsider.

Second, the fact that the petitioner mentioned the mandatory minimum "error" in the August 10, 2015 motion to reconsider did not convert that motion into a §2255 petition. As both this court and the Seventh Circuit told the petitioner, the law provides that in ruling on a sentence reduction motion under 18 U.S.C. §3582(c)(2), a district court cannot do anything other than reduce the sentence to the low end of the guideline range that results from application of Amendment 782.

Third, even if the court were to construe the petitioner's August 10, 2015 motion to reconsider as a §2255 petition (which it cannot), that petition would have been premature. On August 10, 2015, the petitioner's direct appeal was still pending. The Seventh Circuit had not yet issued its decision; it would not issue the mandate until September 5, 2015. While "there is no bar to raising a Section 2255 motion while the appeal is pending," DeRango v. United States, 864 F.2d 520, 522 (7th Cir. 1988), the Seventh Circuit has "held on more than one occasion that a district court should not consider a § 2255 motion while a

direct appeal is pending, absent extraordinary circumstances." <u>United States v. Barger</u>, 178 F.3d 844, 848 (7th Cir. 1999) (citing <u>United States v. Robinson</u>, 8 F.3d 398, 405 (7th Cir. 1993)). This is because "the disposition of the direct appeal could render the § 2255 moot." <u>Id.</u> In other words, if a defendant wins his direct appeal, the district court will have spent time working on a §2255 petition that no longer is necessary.

Finally, even if the court had treated the motion to reconsider as a §2255 petition, and even if the court, in contravention of the Seventh Circuit's rulings, had considered the petition while the petitioner's direct appeal was still pending, the petitioner would not have been entitled to relief.

As the court explained above, a petitioner is "procedurally barred" from raising an issue in a §2255 petition that he could have raised on direct appeal, but did not. Anticipating this problem, the petitioner argues in his §2255 brief that his failure to raise the issue on direct appeal was the result of his appellate counsel's ineffective assistance. Dkt. No. 2 at 10.

The petitioner attached to his petition a document he marked Exhibit A. Dkt. No. 1-1. It appears to be the third page of a letter, signed by Peter Henderson, Assistant Federal Public Defender. (Peter Henderson was the attorney who represented the defendant in his 2013 direct appeal. <u>See</u> <u>United States v. Maurice Davis</u>, Case No. 13-1978 (7th Cir.)). The first full paragraph on the page states:

> Finally, as we've talked about before, the statement of reasons states that you received the 10-year mandatory minimum sentence. This was an error; the question is whether it really matters. The judge did say at sentencing that it was "crystal clear"

that the mandatory minimum sentence was 5 years, so it would be difficult to argue that he was unaware of the proper penalties. Still, it is an error, and probably worth bringing up.

Dkt. No. 1-1.

The petitioner submits that his appellate lawyer admitted that the statement of reasons contained an error, but that the lawyer failed to raise that error on appeal. Dkt. No. 2 at 11. He argues that, had his attorney raised the issue on direct appeal, the Seventh Circuit could have remanded the case for sentencing in light of the correct mandatory minimum, and that perhaps Judge Clevert would have imposed a different sentence on remand. Id. at 12.

"Ineffective assistance of counsel . . . is cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986). See also, Lee v. Davis, 328 F.3d 896, 900 (7th Cir. 2003) (citing cases). In order to prove that a lawyer is ineffective, a client must show "(1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under 'prevailing professional norms'; and (2) that the deficient performance so prejudiced the defendant as to deny the defendant a fair trial." Id. (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

> The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001); *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir. 1997). Prejudice is established if the issue not raised "may have resulted in a reversal of the conviction or an order for a new trial." *Winters*, 274 F.3d at 1167. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised.

Id. at 900-901.

Under this standard, the petitioner's appellate lawyer was not ineffective. The issue that the petitioner's lawyer raised on direct appeal was whether "the United States substantially breached its promise under the plea agreement to recommend that [the petitioner] was responsible for between 196 and 280 grams of crack cocaine, when it repeatedly offered evidence that [the petitioner] was actually responsible for a much higher quantity." Davis, Case No. 13-1978, Dkt. No. 24 at 2. The petitioner's appellate counsel pointed to three different occasions on which, despite the government's promise in the plea agreement to recommend relevant conduct of at least 196 grams but less than 280 grams of crack, the government had recommended that the court calculate the petitioner's sentence based on much higher amounts—2.8 kilograms of crack on one occasion, 2.15 kilograms on another occasion, and 512 grams on a third. Id. at 23-24. Counsel argued that the petitioner had been deprived of the benefit of his plea bargain. Id. at 26-29.

This argument did not win the day. But that is not the question the court considers in looking at a claim of ineffective assistance of appellate counsel. Instead, the court must consider whether the claim counsel *didn't* raise—that Judge Clevert mistakenly believed that the petitioner was subject to a ten-year mandatory minimum—was "both obvious and clearly stronger" than the argument counsel did raise. It is not.

The Seventh Circuit has confronted the issue the petitioner identifies. In United States v. Currie, 739 F.3d 960 (7th Cir. 2014), the district court

erroneously believed that Currie was subject to a ten-year mandatory minimum, rather than the actual five. Id. at 961. The Seventh Circuit concluded that the district court's error believing Currie was subject to the higher mandatory minimum was a plain error under Fed. R. Crim. P. 52(b), but noted that the question was whether Currie was "prejudiced by the error, in the sense that he might have received a lesser sentence had the court realized he was not subject to the ten-year minimum." Id. at 964. To answer this question, the court turned to its decision in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005)). Id.

Paladino involved a case in which the judge sentenced the defendants while the sentencing guidelines were mandatory, but their judgments became final after the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005), that the guidelines were advisory. Paladino, 401 F.3d at 481. The courts that sentenced the defendants had sentenced them within the applicable guideline ranges, so the government argued that "the judges' error in thinking themselves bound by the guidelines was not plain error . . . ." Id. The Seventh Circuit disagreed, pointing out that if the sentencing judge would have given a different sentence had he known the guidelines were not mandatory, his error would have constituted plain error. Id. at 483. If, on the other hand, the judge would have imposed the same sentence even if he knew the guidelines were not mandatory, his error would not have been plain error. Id. The court concluded that in cases where it could not tell whether the district court judge would have imposed the same sentence had he or she not made the

error of believing the guidelines were mandatory, the appellate court should order a limited remand, so that the district court judge to clear up that issue. Id. at 484.

The Currie court applied that same reasoning in the situation where the sentencing judge mistakenly believed that the defendant was subject to a ten-year mandatory minimum. Currie, 739 F.3d at 965. The Currie court noted, however, that in some cases, "it will be possible to predict what the sentencing judge would have done without having to ask, as when the judge departed below the Guideline range to impose a sentence at the statutory minimum, or conversely, when she imposed a sentence at the statutory maximum and remarked that he [sic] would have sentenced the defendant to a higher term if she could." Id. (quoting Paladino, 401 F.3d at 482-83). Without such clues, however, the Currie court echoed the holding in Paladino that the only way to find out what the district court judge would have done would be to ask on limited remand. Id. In Currie, the Seventh Circuit saw conflicting evidence in the record as to what the district court judge might have done had she not believed that a ten-year mandatory minimum applied, so the court ordered a limited remand to find out. Id. at 966.

The petitioner argues that had his appellate lawyer raised the mandatory minimum error in his direct appeal, the Seventh Circuit "would have at least ordered a limited remand," and cites Paladino. Dkt. No. 12. The court disagrees. The facts of the petitioner's case are different from the facts in Currie; here, there are many clues indicating that Judge Clevert would have

23

imposed the same sentence on a limited remand, and in fact, likely would have clarified that his mention of a "mandatory minimum ten year sentence" in the statement of reasons was a clerical error.

The first clue: the government filed a superseding information against the petitioner. That information charged the petitioner with a *lesser* charge, one that carried a mandatory minimum of only five years under 21 U.S.C. §841(b)(1)(B). <u>Davis</u>, Case No. 11-cr-63, Dkt. No. 105. The transcript of the plea hearing shows that Judge Clevert arraigned the petitioner on that charge. <u>Id.</u>, Dkt. No. 188 at 2-3.

The second clue: The plea agreement explained that the charge carried a mandatory minimum of five years. <u>Id.</u>, Dkt. No. 106 at ¶7. At the October 19, 2013 change of plea hearing, Judge Clevert asked the petitioner what penalties he would be facing if he was convicted on the charge in the information. The petitioner responded that he thought he would be facing a mandatory minimum of five years. Judge Clevert did not disagree, or correct the petitioner. <u>Id.</u>, Dkt. No. 188 at 10.

The third clue: The revised presentence report, which was provided to Judge Clevert, stated that the charge carried a five-year mandatory minimum. <u>Id.</u>, Dkt. No. 175 at ¶85.

The fourth clue: At sentencing, Judge Clevert spent an inordinate amount of time entertaining arguments between the petitioner and the government regarding the amount of drugs the court was going to use to calculate the sentencing guidelines. <u>Id.</u>, Dkt. No. 274 at 30-48. The judge then

calculated the final adjusted offense level and criminal history category. Id. at 49. At no point during any of those discussion did the court indicate that it thought it was bound by a ten-year mandatory minimum, or indicate that the guidelines calculations were not relevant because there was a ten-year mandatory minimum.

The fifth clue: The government did not recommend that the court impose a ten-year mandatory minimum sentence. At sentencing, the government said, "Your Honor, the government in this case is recommending a sentence of 10 years of incarceration for [the petitioner]." Id. at 49-50. The government noted that the sentence was below the low end of the guideline range. Id. at 50. The government went into detail about why it though this sentence was appropriate. Id. at 50-51. Nowhere did the government tell the court that it was asking for a ten-year *mandatory minimum* sentence, or argue that the court was *required* to impose a ten-year sentence.

The sixth clue: Both the petitioner and his standby counsel presented sentencing arguments. The defendant's standby counsel told Judge Clevert:

> . . . [I]n this particular instance I feel that a punishment of 10 years, in addition to the disproportionate nature between other defendants noted by [the petitioner], I feel that just is simply taking a look at the situation and how the quantity was allowed to accrue over a longer period of time overstates the crime that was committed and for the Court to punish it at even that 10-year range is much more than what would really be called for. And I feel that a sentence more in the 60- to 70-month range would be more appropriate. Actually I think one at the mandatory minimum of 5 years would meet the purposes of justice.

Id. at 57. Counsel would not have been able to argue for a sixty- to seventy-month sentence if the mandatory minimum sentence had been ten years, and

he emphasized that the mandatory minimum was five years. Judge Clevert responded by asking whether some of counsel's reasoning had to do with the one-to-one powder-to-crack ratio for cocaine, and counsel responded, "That plus—," and Judge Clevert finished for him, "The mandatory minimum." <u>Id.</u> at 58. So Judge Clevert acknowledged defense counsel's reference to the five-year mandatory minimum.

The seventh clue: Judge Clevert told the defendant at sentencing that he had given consideration to all of the defendant's motions, as well as his arguments about the crack-powder cocaine disparity. <u>Id.</u> at 62-63. He then explained that he was required to look at "all of the circumstances and facts in a case in determining what is reasonable and necessary" to comply with the law, and stated, "One thing is crystal clear, there's a mandatory minimum sentence of 5 years that must be imposed here." <u>Id.</u> at 63. He went on to say, "In your case a maximum sentence of 40 years could be imposed . . . ." <u>Id.</u> If Judge Clevert had been under the impression that the petitioner was subject to a ten-year mandatory minimum, he would have also been under the impression that the maximum the petitioner was facing was life. <u>See</u> 21 U.S.C. §841(b)(1)(A).

The eighth clue: Judge Clevert talked about a number of factors that would justify a higher sentence: the fact that the petitioner did not cooperate, <u>Davis</u>, Case No. 11-cr-63, at 64; the fact that the petitioner was on supervision when he committed the crimes for which he was convicted, <u>id.</u> at 65; the fact that the petitioner had a "somewhat violent" past and had possessed guns even

26

after being convicted of a felony, id. These comments imply that Judge Clevert did not believe that he was imposing the least severe sentence available to him.

The ninth clue: The judge imposed sentence by saying, "With all of that the Court agrees with the government's recommendation that you receive a term of 120 months of incarceration in this case." Id. at 66. He did not say that he had no choice but to impose a sentence of 120 months. He did not say that he was imposing a mandatory minimum sentence of 120 months. He said that he agreed with the government's recommendation, implying that he could have chosen *not* to agree.

Every one of these clues demonstrates that the prosecutor, the probation officer and Judge Clevert had reason to know, and *did* know, that the charge to which the defendant pleaded guilty carried a mandatory minimum sentence of *five* years. Despite all of these clues, the petitioner insists that "[t]he sentencing court imposed a ten year statutory minimum sentence purportedly under § 841(b)(1)(B)." Dkt. No. 5 at 2. He bases that assertion on the sentence in the statement of reasons that says, "The court adopts the government's recommendation for the 10 year mandatory minimum sentence." Davis, Case No. 11-cr-63, Dkt. No. 262 at 3. But as the petitioner's appellate lawyer implied in the letter the petitioner attached to his petition, this one statement stands in stark contrast to the numerous other clues the court recounts above.

A review of the entire record supports the conclusion that Judge Clevert made a clerical error in the statement of reasons. Rather than stating, "The court adopts the government's recommendation for a 10 year sentence," the

court stated that it accepted the government's "recommendation" for a 10-year mandatory minimum sentence. The government did not recommend a ten-year mandatory minimum sentence, or reference one, at the sentencing hearing, nor did the court. All clues point to a clerical error in the statement of reasons, not an error in Judge Clevert's belief about the applicable mandatory minimum sentence.

For these reasons, the argument appellate counsel did not raise—that Judge Clevert was under the mistaken impression that the mandatory minimum was ten years—was not clearly stronger than the argument that the government breached the terms of the plea agreement by arguing for higher drug amounts. The petitioner's appellate lawyer was not ineffective, and the petitioner cannot use ineffective assistance of appellate counsel to get around the fact that he did not timely file his §2255 petition.

Finally, the petitioner has not demonstrated that the one-year limitations period should be equitably tolled. It is true that on March 6, 2017, the petitioner filed a motion for an extension of time to file his brief in support of his §2255 petition, because he was in lockdown from February 15, 2017 to February 22, 2017. Dkt. No. 5. He has not filed anything to show that he was on lockdown before the October 5, 2016 deadline for filing his petition, or to show any other reason outside his control that he could not have timely filed the petition. There is no basis for the court to equitably toll the one-year limitations period.

For all of these reasons, the court finds that the petitioner's third ground for relief is time-barred.

### 3. *Ground #2: Minor Role Reduction*

Amendment 794 to the sentencing guidelines "amended the commentary and notes to U.S.S.G. § 3B1.2 regarding the mitigating role reduction." Washington v. United States, Case No. 15-cv-1911, 2018 WL 1366690, at *5 (S.D. Ind. March 16, 2018). The petitioner argues that the court should resentence him in light of the new commentary, asserting that if it did so, it would find that he should receive a minor role reduction. Dkt. No. 2 at 6-8.

The petitioner raises this argument for the first time in this §2255 petition. That makes sense—the amendment did not go into effect until November 1, 2015, three years *after* Judge Clevert sentenced the petitioner, but the amendment does not apply to defendants sentenced before it went into effect. In Ozuna v. United States, Case No. 17-1544, 2017 WL 4083724, at *1 (7th Cir. Aug. 22, 2017), the Seventh Circuit explained that Amendment 794 did not reduce a guideline. Rather, it "simply clarified when to apply a guideline that lowers the range. Id. For that reason, it is not retroactive, and does not apply to the petitioner because he was sentenced before it went into effect.

### 4. *Ground #4: Procedural Error at Sentencing*

Finally, the petitioner argues that Judge Clevert made a series of errors at his sentencing hearing. Dkt. No. 2 at 13. He argues that Judge Clevert improperly calculated his guidelines, id. at 14, but the basis for that argument is his insistence that Judge Clevert misunderstood the mandatory minimum.

The court has addressed that argument. Similarly, he argues that because Judge Clevert believed that the mandatory minimum sentence was ten years, it caused him to treat ten years as the low end of the guideline range. Id. at 15. This argument doesn't really make sense, given that the low end of the guideline range actually was 130 months, and again, the court has addressed the argument regarding Judge Clevert's alleged misunderstanding of the mandatory minimum. The petitioner argues that Judge Clevert's alleged misapprehension of the mandatory minimum caused him to incorrectly apply the 18 U.S.C. §3553(a) sentencing factors. Id. at 16. This argument fails, not only because Judge Clevert wasn't confused about the mandatory minimum, but because the record clearly demonstrates that Judge Clevert took into account the §3553(a) factors. He discussed them in detail. Finally, the petitioner argues that Judge Clevert did not adequately explain why he imposed a sentence of 120 months. Id. at 17. A review of the record demonstrates that this is simply not true.

At any rate, the petitioner could have raised every one of these issues in his direct appeal, but he did not. He does not explain why he did not, and for that reason, he would have procedurally defaulted on the issues even if they had had merit.

    D.   <u>Conclusion</u>

Judge Clevert had subject-matter jurisdiction to sentence the petitioner. The petitioner did not timely file his §2255 petition, and there are no tolling doctrines that apply. Amendment 794 does not apply retroactively to the

petitioner. He procedurally defaulted on his claims that the sentencing hearing was defective, and those claims are without merit in any event. For all of these reasons, the court will deny the §2255 petition and dismiss this case.

## IV.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted); Barefoot v.  Estelle, 463 U.S. 880, 893 & n.4 (1983). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Based on the sentencing transcripts and the case law from this circuit, a reasonable jurist would not conclude the court erred in dismissing the §2255 motion. The court declines to issue a certificate.

## V.    Conclusion

The court **GRANTS** the petitioner's motion to amend/correct memorandum of law in support of §2255. Dkt. No. 7.

The court **DENIES** petitioner's motion to vacate, set aside, or correct sentence under §2255. Dkt. No. 1.

The court **DISMISSES** this case and **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 30th day of June 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**